SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2012 APR -4 AM 9:25

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Baila Wercberger,

    Plaintiff,

-against-

Portfolio Recovery Associates, L.L.C.,

    Defendant.

Civil Action No.: CV12-1645

COMPLAINT AND DEMAND
FOR TRIAL BY JURY

IRIZARRY, J.

GO, M.J.

Plaintiff Baila Wercberger ("Plaintiff" or "Wercberger"), by and through her attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for her Complaint against the Defendant Portfolio Recovery Associates, L.L.C. ("Defendant" or "PRA"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, County of Kings, residing at 1154 46th Street, Apartment 3, Brooklyn, New York 11219.

3. Defendant is a Delaware limited liability company, with a principal place of business at 120 Corporate Boulevard Norfolk, Virginia 23541, and upon information and belief, is authorized to do business in the State of New York.

4. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

9. On or about August 9, 2011, Defendant sent a letter indicating that the Plaintiff had a balance due in the amount of $5,837.25.

10. In said letter, Defendant informed Plaintiff that the account was selected for legal review and that it was previously transferred to Defendant's litigation department.

11. However, said letter also stated that no attorney within Defendant's litigation department had yet reviewed the circumstances of the account.

12. In said letter, Defendant also offered Plaintiff a settlement on the account in amount of $4,669.80, if the said amount would be paid in full by September 5, 2011.

13. The letter furthermore threatened Plaintiff that if the above settlement was not reached the Defendant may take legal action against the Plaintiff and obtain a judgment against her.

14. The letter also stated that interest continues to accrue on this account. However, the Defendant neglected to include a listing of interest charges or the percent of the interest accrual. The letter stated that the amount entitled "balance" was the sum of the interest accrued to August 9, 2011 and the alleged debt. The amount stated in the letter is deceptive and misleading to Plaintiff.

15. Defendant employed false, misleading and deceptive means to collect a debt.

16. Said failure on the part of defendant is a violation of the FDCPA, 15 U.S.C. §1692e(2), which prohibits misrepresenting "the character, amount, or legal status of any debt."

17. Said letter also violates the provisions of 15 U.S.C. §1692e(5), which prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

18. As a result of Defendant's deceptive, misleading and/or unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff also violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692g(a)(3).

21. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

22. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Baila Wercberger demands judgment against the Defendant Portfolio Recovery Associates, L.L.C., as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(2)(A);

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.  A declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursement of this action, as this Court may deem just and proper.

Dated: New York, New York
       March 29, 2012

Respectfully submitted,

By: _____
    Samuel A. Ehrenfeld
FREDRICK SCHULMAN & ASSOCIATES
Attorneys for Plaintiff
30 East 29th Street
New York, New York 10016
(212) 796-6053